# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
08/11/2016
CT Log Number 529660264

TO: Veronica McCarthy, Tax Accountant
UnitedService Companies
1550 S Indiana Ave Ste 300
Chicago, IL 60605-4831

RE: **Process Served in California**

FOR: U.S. Aviation Services Corp.  (Domestic State: NV)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | James Harajson, etc., Pltf. vs. U.S. Aviation Services Corp, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint, Cover Sheet |
| **COURT/AGENCY:** | Alameda County - Superior Court - Oakland, CA
Case # RG16826640 |
| **NATURE OF ACTION:** | Plaintiff seeking damages for the emotional distress, frustration, humiliation and embarrassment caused due to defendants repeated violations of the fair debt collection practices act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/11/2016 at 13:05 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons |
| **ATTORNEY(S) / SENDER(S):** | Shaun Setareh
Setareh Law Group
9454 Wilshire Boulevard
Suite 907
Beverly Hills, CA 90212
310-888-7771 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/11/2016, Expected Purge Date: 08/16/2016

Image SOP

Email Notification,  Veronica McCarthy  vmccarthy@unitedhq.com

Email Notification,  Mark Valley  mvalley@lawmrv.com

Email Notification,  Miguel Perez  mperez@unitedhq.com

Email Notification,  Paul Doerscheln  pdoerscheln@unitedhq.com |
| **SIGNED:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
818 West Seventh Street
Los Angeles, CA 90017
213-337-4615 |

Page 1 of  1 / MJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Fax Server                8/9/2016 1:50:59 PM   PAGE   1/001    Fax Server

To: Attn. Clerk    Page 5 of 26                2016-08-09 20:09:52 (GMT)                    From: Shaun Setareh

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

U.S. AVIATION SERVICES CORP. a Nevada corporation; Additional
Parties Attachment form is attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

JAMES HARALSON, on behalf of himself, all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED BY FAX**
ALAMEDA COUNTY

August 09, 2016

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):*  Rene C Davidson <br><br> 1225 Fallon Street <br> Oakland, CA 94612 | **CASE NUMBER:** *(Número del Caso):* <br><br> **RG16826640** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, 9454 Wilshire, Blvd., Ste 907, Beverly Hills, CA 90212 (310)888-7771

| | | | |
|---|---|---|---|
| DATE: <br> *(Fecha)* **August 09, 2016** | Clerk, by <br> *(Secretario)* _____ | , Deputy <br> *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*:   U.S. AVIATION SERVICES CORP. a Nevada corporation

   under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:   **8-11-16**

| | |
|---|---|
| Form Approved for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Page 1 of 1 <br> Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Haralson v. U.S. Aviation Services Corp., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

UNITED AIRLINES, INC., a Delaware corporation; and DOES 1-50 inclusive

Page ___1___ of ___1___

Page 1 of 1

**FILED BY FAX**
ALAMEDA COUNTY

August 09, 2016

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

CASE NUMBER:
**RG16826640**

1  Shaun Setareh (SBN 204514)
       shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
       thomas@setarehlaw.com
3  **SETAREH LAW GROUP**
4  9454 Wilshire Boulevard, Suite 907
   Beverly Hills, California 90212
5  Telephone:    (310) 888-7771
   Facsimile:    (310) 888-0109
6

7  Attorneys for Plaintiff,
8  JAMES HARALSON

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF ALAMEDA**
                          ***(UNLIMITED JURISDICTION)***
11

12  JAMES HARALSON, on behalf of himself, all     | Case No.
    others similarly situated,                     |
13                                                  | **CLASS ACTION**
14               *Plaintiff,*                       |
                                                    | **COMPLAINT FOR:**
15       vs.                                        |
16  U.S. AVIATION SERVICES CORP, a Nevada          | 1. Failure to Provide Meal Periods (Lab.
    corporation; UNITED AIRLINES, INC. a           |    Code §§ 204, 223, 226.7, 512, and
17  Delaware corporation; and DOES 1-50,           |    1198);
    inclusive,                                      | 2. Failure to Provide Rest Periods (Lab.
18                                                  |    Code §§ 204, 223, 226.7, and 1198);
19               *Defendants.*                      | 3. Failure to Pay Hourly Wages (Lab.
                                                    |    Code §§ 223, 510, 1194, 1194.2, 1197,
20                                                  |    1997.1, and 1198);
21                                                  | 4. Failure to Provide Accurate Written
                                                    |    Wage Statements (Lab. Code § 226(a));
22                                                  | 5. Unfair Competition (Bus. & Prof. Code
                                                    |    §§ 17200, *et seq.*);
23                                                  |
                                                    | **JURY TRIAL DEMANDED**
24
25
26
27
28

*Haralson v. U.S. Aviation Services Corp, et al.*                Class Action Complaint

Plaintiff, James Haralson (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against defendant U.S. Aviation Services Corp, a Nevada corporation ("U.S. Aviation"); United Airlines, Inc., a Delaware corporation ("United"); and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants failed to provide him and all other similarly situated individuals  with meal periods, failed to provide them with rest periods, failed to pay premium wages for unprovided meal and/or rest periods, failed to pay them for all hours worked, and failed to provide them with accurate written wage statements.  Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

3.      Plaintiff is informed and believes that the individual claims of the below-defined classes are under the $75,000.00 threshold for Federal diversity jurisdiction and the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005. Further, there is no federal question at issue as the issues herein are based solely on California law.

4.      Venue is proper in Alameda County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Alameda County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

///

///

**PARTIES**

**A.**     **Plaintiff**

    5.   Plaintiff worked for Defendants in an hourly position non-exempt position as an aircraft cleaner from approximately June 2015 to present.

**B.**     **Defendants**

    6.     Defendant U.S. Aviation Services Corp is a Nevada corporation authorized to do business in California.

    7.     Defendant United Airlines, Inc. is a Delaware corporation authorized to do business in California.

    8.     During his employment, Plaintiff was supervised and/or managed by United employees.

    9.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

    10.     Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

**CLASS ALLEGATIONS**

    11.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

    12.     **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

    13.     The class and subclass members are defined as follows:

        **U.S. Aviation Class**: All persons employed by Defendants in hourly or

2

non-exempt positions in California during the **Relevant Time Period**.

> **Meal Break Sub-Class**: All **U.S. Aviation Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

> **Auto-Deduct Sub-Class**: All **Meal Break Sub-Class** members who had a half hour or hour deducted from their timecards regardless of whether or not they took a meal period.

> **Rest Break Sub-Class**: All **U.S. Aviation Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

> **Wage Statement Penalties Sub-Class**: All **U.S. Aviation Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**UCL Class**: All **U.S. Aviation Class** members employed by Defendants in California during the **Relevant Time Period**.

14. **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

15. **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

16. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A. Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

B. Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

C. Have Defendants failed to pay additional wages to class members when

3

they have not been provided with required meal and/or rest periods?

D. Have Defendants maintained a policy or practice of automatically deducting an hour from class members timecards whether or not they received a meal period?

E. Have Defendants maintained a policy or practice of requiring class members to work off-the-clock?

F. Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

G. Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

17. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

18. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

19. **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

20. **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the

4

unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

### (Plaintiff, Meal Break Sub-Class, Auto-Deduct Sub-Class)

21.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

22.     At all relevant times, Plaintiff and the **Meal Break Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

23.     Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

24.     Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

25.     Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code § 200.

26.     Labor Code § 1198 makes it unlawful to employ a person under conditions that

5

violate the Wage Order.

27.     Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time." 8 Cal. Code Regs. § 11040(11).

28.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

### *Unprovided Meal Periods*

29.  Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiff and members of the **Meal Break Sub-Class** to be relieved for meal periods.

30.  Plaintiff alleges that, at relevant times during the applicable limitations period, Plaintiff and members of the **Meal Break Sub-Class** had no control over their ability to take a meal period and the timing of their meal period because they could not take their meal period until they were released by a manager or supervisor.

31.  Plaintiff alleges that, at relevant times during the applicable limitations period, due to Defendants policy or practice of requiring employees to be released for meal periods, Defendants failed to provide  Plaintiff and members of the **Meal Break Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order.

### *Late Meal Periods*

32.     Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiff and members of the **Meal Break Sub-Class** to be relieved for meal periods.

6

33. Plaintiff alleges that, at relevant times during the applicable limitations period, Plaintiff and members of the **Meal Break Sub-Class** had no control over their ability to take a meal period and the timing of their meal period because they could not take their meal period until they were released by a supervisor or manager.

34.     Plaintiff alleges that, at relevant times during the applicable limitations period, due to Defendants policy or practice of requiring employees to be released for meal periods, Defendants failed to provide Plaintiff and members of the **Meal Break Sub-Class** with their first meal period before the fifth hour of the shift and the second meal period before the tenth hour of the shift.

35. Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Meal Break Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

### *Automatic Meal Period Deduction*

36.     Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one hour from the paychecks of **Auto-Deduct Sub-Class** members on each day they worked for a meal period, regardless of whether or not they were able to take an uninterrupted, thirty (30) minute meal period.

### *Unprovided Second Meal Periods*

37.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Meal Break Sub-Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code § 512 and the Wage Order.

38.     Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of over ten (10) hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

7

39. At all relevant times, Defendants failed to pay Plaintiff and **Meal Break Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

40. Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

41. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7, and 1198)

### (Plaintiff and the Rest Break Sub-Class)

42. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

43. At all relevant times, Plaintiff and **Rest Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

44. Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

45. Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

46. Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

8

47.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

48.     Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

49.     Specifically, Defendants maintained a policy or practice of requiring Plaintiff and the **Rest Break Sub-Class** members to be relieved for rest periods.

50.     At all relevant times, because of Defendant's policy of requiring employees to be relieved for rest periods, Plaintiff and the **Rest Break Sub-Class** members had no control over their ability to take rest periods and the timing of their rest periods because they could not take a rest period until they were relieved by a manager or supervisor.

51.     At all relevant times, Defendants failed to pay Plaintiff and other **Rest Break Sub-Class** members additional premium wages when required rest periods were not provided.

52.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself, **Rest Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

53.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (By Plaintiff, U.S. Aviation Class, Auto-Deduct Sub-Class)

54.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

55.     At all relevant times, Plaintiff and **U.S. Aviation Class, Auto-Deduct Sub-Class** members are or have been non-exempt employees of Defendants entitled to the full protections

9

of the Labor Code and the Wage Orders.

56.     Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

57.     Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

58.     Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

59.     Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

60.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

61.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

62.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

63.     Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

64.     Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

65.     Labor Code § 510 and Section 3 of the Wage Order require employers to pay

non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

66.     Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

67.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **U.S. Aviation Class, Auto-Deduct Sub-Class** members with respect to working conditions and compensation arrangements.

### *Meal Periods*

68.     At relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one hour from Plaintiff's timecard on every work day for a meal period, regardless of whether or not Plaintiff was provided with a meal period.

69.     Plaintiff is informed, believes, and thereon alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one hour from **Auto-Deduct Sub-Class** members timecards on every work day for a meal period, regardless of whether or not **Auto-Deduct Sub-Class** members were provided with a meal period.

70.     As a result of Defendants' policy or practice of automatically deducting one half hour from employees timecards for every work day for a meal period, Plaintiff and members of the **Auto-Deduct Sub-Class** were required to perform off-the-clock work that Defendants either knew or should have known they were performing.

71.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods, and/or by failing to properly

11

pay Plaintiff and **Auto-Deduct Sub-Class** members all overtime hours worked.

72.     Plaintiff is informed and believes that, at all relevant times and as matters of policy and/or practice, Defendants have failed also to pay hourly wages to **Auto-Deduct Sub-Class** members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

### *General Allegations Off the Clock*

73.     During the relevant time period, Defendants failed to pay Plaintiff and **U.S. Aviation Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **U.S. Aviation Class** members to perform off-the-clock work by requiring them to continue working after a manager or supervisor signed them out at the end of their shift.

74.     As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

75.     Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiff, on behalf of himself and **U.S. Aviation Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

76. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **U.S. Aviation Class, Auto-Deduct Sub-Class** members, seeks to recover reasonable attorneys' fees.

### **FOURTH CAUSE OF ACTION**

### **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

### **(Lab. Code § 226)**

### **(By Plaintiff and Wage Statement Penalties Sub-Class)**

77. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

78. Labor Code § 226(a) states in pertinent part the following: " (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the  employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer".

79. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements as described supra in this complaint.

80. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because applicable meal and rest period premiums were not included and thus gross wages earned was not accurately reflected.

81.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because compensation for any off-the-clock work was not included and thus gross wages earned was not accurately reflected.

82. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) hourly and overtime wages for time spent

13

working during unpaid meal periods was not included and thus gross wages earned was not accurately reflected.

83. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because any off-the-clock work was not included and thus total hours worked was not accurately reflected.

84. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because time spent working during unpaid meal periods was not included and thus total hours worked was not accurately reflected.

85. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because applicable meal and rest period premiums were not included and thus net wages earned was not accurately reflected.

86. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because compensation for any off-the-clock work was not included and thus net earned was not accurately reflected.

87. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) hourly and overtime wages for time spent working during unpaid meal periods was not included and thus gross wages earned was not accurately reflected.

88. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because any off-the-clock work was not included and thus all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee was not accurately

14

reflected.

89. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because time spent working during unpaid meal periods was not included and thus all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee was not accurately reflected.

90. Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

91. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

92. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

///

///

1

### FIFTH CAUSE OF ACTION

2

### UNFAIR COMPETITION

3

### (Bus. & Prof. Code §§ 17200, *et seq.*)

4

### (By Plaintiff and UCL Class)

5
93. Plaintiff incorporates the preceding paragraphs of the Complaint as if

6
fully alleged herein.

7
94. Business and Professions Code § 17200 defines "unfair competition" to

8
include any unlawful business practice.

9
95. Business and Professions Code §§ 17203–17204 allow a person who has

10
lost money or property as a result of unfair competition to bring a class action in accordance

11
with Code of Civil Procedure § 382 to recover money or property that may have been acquired

12
from similarly situated persons by means of unfair competition.

13
96. California law requires employers to pay hourly, non-exempt, employees

14
for all hours they are permitted or suffered to work, including hours that the employer knows or

15
reasonably should know that employees have worked.

16
97. Plaintiff and the UCL Class realleges and incorporates by reference the

17
FIRST, SECOND and THIRD causes of action herein.

18
98. Plaintiff lost money or property as a result of the aforementioned unfair

19
competition.

20
99. Defendants have, or may have, acquired money by means of unfair

21
competition.

22
100.       Plaintiff is informed and believes and theron alleges that, by committing

23
the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215,

24
216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the

25
Labor Code violations mentioned herein.

26
101.       Defendants have committed criminal conduct through their policies and

27
practices of, *inter alia*, failing to comport with their affirmative obligation on employers to

28
provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty

minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked.

### Wages and Premium Wages

102.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

103.    As stated above, Defendants have violated the Labor Code in multiple respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide them with accurate wage statements.

104.    Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

### Relief Sought

105.    The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq.*  Business & Professions Code §§ 17200, *et seq.*, protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

106.    As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

107.    Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

108.    Due to its unfair and unlawful business practices in violation of the Labor

1   Code as alleged herein, Defendants have gained a competitive advantage over other comparable

2   companies doing business in the State of California that comply with their legal obligations

3   under the Labor Code.

4          109.      Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of

5   himself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all

6   monies rightfully belonging to them that Defendants did not pay them or otherwise retained by

7   means of its unlawful and unfair business practices.

8          110.      Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit

9   doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class**

10  are entitled to recover reasonable attorneys' fees in connection with their unfair competition

11  claims.

12  **PRAYER FOR RELIEF**

13      WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for

14  relief and judgment against Defendants as follows:

15          A.  An order that the action be certified as a class action;

16          B.  An order that Plaintiff be appointed class representative;

17          C.  An order that counsel for Plaintiff be appointed class counsel;

18          D.  Unpaid Wages;

19          E.  Actual Damages;

20          F.  Restitution;

21          G.  Declaratory relief;

22          H.  Pre-judgment interest;

23          I.  Statutory penalties;

24          J.  Civil penalties;

25          K.  Costs of suit;

26          L.  Reasonable attorneys' fees; and

27          M.  Such other relief as the Court deems just and proper.

28  ///

*Haralson v. U.S. Aviation Services Corp. et al.*                               Class Action Complaint

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of himself, all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED:  August 4, 2016

SETAREH LAW GROUP

BY _____
SHAUN SETAREH
Attorneys for Plaintiff,
JAMES HARALSON

19

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Shaun Setareh (SBN 204514)<br>Setareh Law Group<br>9454 Wilshire Blvd. Suite 907<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310) 888-7771   FAX NO.: (310) 888-0109<br>ATTORNEY FOR *(Name):* James Haralson | **FOR COURT USE ONLY**<br><br>**FILED BY FAX**<br>ALAMEDA COUNTY<br><br>August 09, 2016<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Alicia Espinoza, Deputy<br><br>CASE NUMBER:<br>**RG16826640** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Alameda**
  STREET ADDRESS: 1225 Fallon Street
  MAILING ADDRESS: 1225 Fallon Street
  CITY AND ZIP CODE: Oakland, CA 94612
  BRANCH NAME: Rene C. Davidson

CASE NAME:
Haralson v. U.S. Aviation Services Corp., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [✓] Large number of separately represented parties    d. [✓] Large number of witnesses
  b. [✓] Extensive motion practice raising difficult or novel    e. [✓] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
  c. [✓] Substantial amount of documentary evidence    f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 5, 2016

Shaun Setareh
_____      ▶ _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code) (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]       **CIVIL CASE COVER SHEET**       Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer*
            *or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
        *domain, landlord/tenant, or*
        *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-*
        *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
        *harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

1   Shaun Setareh (SBN 204514)
2          shaun@setarehlaw.com
    Thomas Segal (SBN 222791)
3          thomas@setarehlaw.com
    **SETAREH LAW GROUP**
4   9454 Wilshire Boulevard, Suite 907
5   Beverly Hills, California  90212
    Telephone:     (310) 888-7771
6   Facsimile:     (310) 888-0109
7
    Attorneys for Plaintiff,
8   JAMES HARALSON

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **FOR THE COUNTY OF ALAMEDA**
                         (***UNLIMITED JURISDICTION***)
11

12   JAMES HARALSON, on behalf of himself, all      Case No. RG16826640
     others similarly situated;
13                                                   **CLASS ACTION**

14                 *Plaintiff*,                       **FIRST AMENDED COMPLAINT FOR:**

15          vs.
                                                     1.  Failure to Provide Meal Periods (Lab.
16   U.S. AVIATION SERVICES CORP, a Nevada              Code §§ 204, 223, 226.7, 512, and
     corporation; UNITED AIRLINES, INC, a               1198);
17   Delaware corporation; and DOES 1-50,           2.  Failure to Provide Rest Periods (Lab.
     inclusive,                                         Code §§ 204, 223, 226.7, and 1198);
18                                                   3.  Failure to Pay Hourly Wages (Lab.
19                 *Defendants*.                        Code §§ 223, 510, 1194, 1194.2, 1197,
                                                        1997.1, and 1198);
20                                                   4.  Failure to Provide Accurate Written
21                                                      Wage Statements (Lab. Code § 226(a));
                                                     5.  Failure to Timely Pay All Final Wages
22                                                      (Lab. Code §§ 201-203);
                                                     6.  Unfair Competition (Bus. & Prof. Code
23                                                      §§ 17200, *et seq.*).
24
                                                     **JURY TRIAL DEMANDED**
25

26

27

28

---

*Haralson v. U.S. Aviation Services Corp, et al.*               First Amended Class Action Complaint

Plaintiff, James Haralson (hereafter "Plaintiff"), on behalf of himself, all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against defendant U.S. Aviation Services Corp, a Nevada corporation ("U.S. Aviation");  United Airlines, Inc., a Delaware corporation ("United");  and DOES 1 through 50 inclusive (hereafter "Defendants") for alleged violations of the Labor and Business and Professions Codes. As set forth below, Plaintiff alleges that Defendants failed to provide him and all other similarly situated individuals  with meal periods, failed to provide them with rest periods, failed to pay premium wages for unprovided meal and/or rest periods, failed to pay them for all hours worked, failed to provide them with accurate written wage statements.Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, restitution, and related relief on behalf of himself, all others similarly situated, and the general public.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction to hear this case because Plaintiff is informed and believes that the monetary damages and restitution sought herein for Defendants' conduct exceeds the minimal jurisdictional limits of the Superior Court.

3.      Plaintiff is informed and believes that the individual claims of the below-defined classes are under the $75,000.00 threshold for Federal diversity jurisdiction and the aggregate claim is under the $5,000,000.00 threshold for Federal jurisdiction, under the Class Action Fairness Act of 2005. Further, there is no federal question at issue as the issues herein are based solely on California law.

4.      Venue is proper in Alameda County pursuant to Code of Civil Procedure Sections 395(a) and 395.5 in that liability arose in Alameda County because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

///

///

1

## PARTIES

**A.     Plaintiff**

5.   Plaintiff worked for Defendants in an hourly position non-exempt position as an aircraft cleaner from approximately June 2015 to present.

**B.     Defendants**

6.     Defendant U.S. Aviation Services Corp is a Nevada corporation authorized to do business in California.

7.     Defendant United Airlines, Inc. is a Delaware corporation authorized to do business in California.

8.     During his employment, Plaintiff was supervised and/or managed by United employees.

9.     Plaintiff is ignorant of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as Does 1-50, inclusive, but is informed and believes that said Defendants are legally responsible for the conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege both the true names and capacities of the Doe Defendants when ascertained.

10.     Plaintiff is informed and believes that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to each of the other Defendants.

## CLASS ALLEGATIONS

11.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among the persons who comprise the readily ascertainable classes defined below and because Plaintiff is unaware of any difficulties likely to be encountered in managing this case as a class action.

12.     **Relevant Time Period**: The relevant time period is defined as the time period beginning four years prior to the filing of this action until judgment is entered.

The class and subclass members are defined as follows:

2

*Haralson v. U.S. Aviation Services Corp, et al.*                     First Amended Class Action Complaint

**U.S. Aviation Class**: All persons employed by Defendant U.S. Aviation Services Corp. in hourly or non-exempt positions in California during the **Relevant Time Period**.

**United Airlines Sub-Class**:  All **U.S. Aviation Class** members who worked at or in a United Airlines facility during the **Relevant Time Period**.

**Meal Break Sub-Class**: All **U.S. Aviation Class** and **United Airlines Sub-Class** members who worked a shift in excess of five hours during the **Relevant Time Period**.

**Auto-Deduct Sub-Class**:  All **U.S. Aviation Class** and **United Airlines Sub-Class** members who had a half hour or hour deducted from their timecards regardless of whether or not they took a meal period.

**Rest Break Sub-Class**: All **U.S. Aviation Class** and **United Airlines Sub-Class** members who worked a shift of at least three and one-half (3.5) hours during the **Relevant Time Period**.

**Wage Statement Penalties Sub-Class**: All **U.S. Aviation Class** and **United Airlines Sub-Class** members employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**Waiting Time Penalties Sub-Class**: All **U.S. Aviation Class** and **United Airlines Sub-Class** members who separated from their employment with Defendants during the period beginning three years before the filing of this action and ending when final judgment is entered.

**UCL Class**: All **U.S. Aviation Class** and **United Airlines Sub-Class** members employed by Defendants in California during the **Relevant Time Period**.

13.    **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity, by further division into subclasses, and/or by limitation to particular issues.

14.    **Numerosity:** The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact

3

*Haralson v. U.S. Aviation Services Corp, et al.*                                First Amended Class Action Complaint

number of class members, Plaintiff is informed and believes that the actual number exceeds the minimum required for numerosity under California law.

15. **Commonality and Predominance:** Common questions of law and fact exist as to all class members and predominate over any questions which affect only individual class members. These questions include, but are not limited to:

A. Have Defendants maintained a policy or practice of failing to provide employees with their meal breaks?

B. Have Defendants maintained a policy or practice of failing to provide employees with their rest breaks?

C. Have Defendants failed to pay additional wages to class members when they have not been provided with required meal and/or rest periods?

D. Have Defendants maintained a policy or practice of automatically deducting an hour from class members timecards whether or not they received a meal period?

E. Have Defendants maintained a policy or practice of requiring class members to work off-the-clock?

F. Have Defendants failed to provide class members with accurate written wage statements as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages, and time worked?

G. Are class members entitled to restitution of money or property that Defendants may have acquired from them through unfair competition?

16. **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff is informed and believes and thereon alleges that Defendants have a policy or practice of failing to comply with the Labor Code and the Business and Professions Code as alleged herein.

17. **Adequacy of Class Representative:** Plaintiff is an adequate class representative in that he has no interests that are adverse to, or otherwise conflict with, the interests of absent

class members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly and adequately represent and protect the interests of the other class members.

18.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiff or absent class members, are experienced in wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiff and absent class members.

19.   **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of the class members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail.  In addition, the monetary amounts due to many individual class members are likely to be relatively small and would thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class action will serve an important public interest by permitting class members to effectively pursue the recovery of moneys owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512, and 1198)

### (Plaintiff, Meal Break Sub-Class, Auto-Deduct Sub-Class)

20.   Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

21.   At all relevant times, Plaintiff and the **Meal Break Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the Wage Order.

22.   Labor Code § 512 and Section 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-

5

free, meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of ten hours.

23.     Labor Code § 226.7 and Section 11 the Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

24.     Compensation for missed meal periods constitutes wages within the meaning of the California Labor Code § 200.

25.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

26.     Section 11 of the Wage Order states: "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."  8 Cal. Code Regs. § 11040(11).

27.     At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Break Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

***Unprovided Meal Periods***

28.  Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiff and members of the **Meal Break Sub-Class** to be relieved for meal periods.

29.  Plaintiff alleges that, at relevant times during the applicable limitations period, Plaintiff and members of the **Meal Break Sub-Class** had no control over their ability to take a meal period and the timing of their meal period because they could not take their meal period

6

until they were released by a manager or supervisor.

30.  Plaintiff alleges that, at relevant times during the applicable limitations period, due to Defendants policy or practice of requiring employees to be released for meal periods, Defendants failed to provide  Plaintiff and members of the **Meal Break Sub-Class** with uninterrupted meal periods of at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the Wage Order.

### *Late Meal Periods*

31.    Plaintiff alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiff and members of the **Meal Break Sub-Class** to be relieved for meal periods.

32. Plaintiff alleges that, at relevant times during the applicable limitations period, Plaintiff and members of the **Meal Break Sub-Class** had no control over their ability to take a meal period and the timing of their meal period because they could not take their meal period until they were released by a supervisor or manager.

33.    Plaintiff alleges that, at relevant times during the applicable limitations period, due to Defendants policy or practice of requiring employees to be released for meal periods, Defendants failed to provide Plaintiff and members of the **Meal Break Sub-Class** with their first meal period before the fifth hour of the shift and the second meal period before the tenth hour of the shift.

34. Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants have failed to pay premium wages to **Meal Break Sub-Class** members when they worked five (5) hours without clocking out for any meal period.

### *Automatic Meal Period Deduction*

35.    Plaintiff  alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one hour from the paychecks of **Auto-Deduct Sub-Class** members on each day they worked for a meal period, regardless of whether or not they were able to take an uninterrupted, thirty (30) minute meal

7

period.

*Unprovided Second Meal Periods*

36.     Plaintiff alleges that at all relevant times during the applicable limitations period and as matters of policy and practice, Defendants employed **Meal Break Sub-Class** members for shifts of ten (10) or more hours without providing them with second meal periods and without paying them premium wages, as required by Labor Code § 512 and the Wage Order.

37.     Moreover, Defendants written policies do not provide that employees must take their first meal break before the end of the fifth hour of work, that they are entitled to a second meal break if they work a shift of over ten (10) hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

38.     At all relevant times, Defendants failed to pay Plaintiff and **Meal Break Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

39.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

40.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7, and 1198)

### (Plaintiff and the Rest Break Sub-Class)

41.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

42.     At all relevant times, Plaintiff and **Rest Break Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the Wage Order.

43.     Section 12 of the Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major portion thereof, that must be in the middle of each work period insofar as is practicable.

44.     Labor Code § 226.7 and Section 12 the Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees regular rate of pay, on each workday that the employee is not provided with the required rest period(s).

45.     Compensation for missed rest periods constitutes wages within the meaning of the California Labor Code § 200.

46.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

47.     Plaintiff alleges that at relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Break Sub-Class** members with net rest periods of a least ten (10) minutes for each four (4) hour work period, or major portion thereof, as required by the Wage Order.

48.     Specifically, Defendants maintained a policy or practice of requiring Plaintiff and the **Rest Break Sub-Class** members to be relieved for rest periods.

49.     At all relevant times, because of Defendant's policy of requiring employees to be relieved for rest periods, Plaintiff and the **Rest Break Sub-Class** members had no control over their ability to take rest periods and the timing of their rest periods because they could not take a rest period until they were relieved by a manager or supervisor.

50.     At all relevant times, Defendants failed to pay Plaintiff and other **Rest Break Sub-Class** members additional premium wages when required rest periods were not provided.

51.     Pursuant to Labor Code §§ 204, 218.6, and 226.7, Plaintiff, on behalf of himself, **Rest Break Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and costs of suit.

52.     Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the

9

substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Break Sub-Class** members, seeks to recover reasonable attorneys' fees.

///

///

### THIRD CAUSE OF ACTION

### FAILURE TO PAY HOURLY AND OVERTIME WAGES

### (Lab. Code §§ 223, 510, 1194, 1197, and 1198)

### (By Plaintiff, U.S. Aviation Class, Auto-Deduct Sub-Class)

53.     Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

54.     At all relevant times, Plaintiff and **U.S. Aviation Class, Auto-Deduct Sub-Class** members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the Wage Orders.

55.     Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

56.     Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

57.     Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

58.     Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

59.     Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked during a payroll period.

60.     Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

61.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

62.     Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

63.     Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

64.     Labor Code § 510 and Section 3 of the Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times their respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh consecutive day of one workweek.

65.     Labor Code § 510 and Section 3 of the Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times their respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during a workweek.

66.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **U.S. Aviation Class, Auto-Deduct Sub-Class** members with respect to working conditions and compensation arrangements.

### *Meal Periods*

67.     At relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one hour from Plaintiff's timecard on every work day for a meal period, regardless of whether or not Plaintiff was provided with a meal period.

11

68.     Plaintiff is informed, believes, and thereon alleges that, at relevant times during the applicable limitations period, Defendants maintained a policy or practice of automatically deducting one hour from **Auto-Deduct Sub-Class** members timecards on every work day for a meal period, regardless of whether or not **Auto-Deduct Sub-Class** members were provided with a meal period.

69.     As a result of Defendants' policy or practice of automatically deducting one half hour from employees timecards for every work day for a meal period, Plaintiff and members of the **Auto-Deduct Sub-Class** were required to perform off-the-clock work that Defendants either knew or should have known they were performing.

70.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting him to work during unpaid meal periods, and/or by failing to properly pay Plaintiff and **Auto-Deduct Sub-Class** members all overtime hours worked.

71.     Plaintiff is informed and believes that, at all relevant times and as matters of policy and/or practice, Defendants have failed also to pay hourly wages to **Auto-Deduct Sub-Class** members for all time worked, including, but not limited to, overtime work, at statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

### *General Allegations Off the Clock*

72.     During the relevant time period, Defendants failed to pay Plaintiff and **U.S. Aviation Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **U.S. Aviation Class** members to perform off-the-clock work by requiring them to continue working after a manager or supervisor signed them out at the end of their shift.

73.     As a result of Defendants' unlawful conduct, Plaintiff and the other class members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period, including overtime wages.

74.     Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194, and 1194.2 Plaintiff, on

behalf of himself and **U.S. Aviation Class** members, seeks to recover unpaid straight time and overtime wages, interest thereon, and costs of suit.

75. Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **U.S. Aviation Class, Auto-Deduct Sub-Class** members, seeks to recover reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS

### (Lab. Code § 226)

### (By Plaintiff and Wage Statement Penalties Sub-Class)

76. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

77. Labor Code § 226(a) states in pertinent part the following: " (a) every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the  employer, except for an employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is aid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one time, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer".

78. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Class** members with written wage statements as

13

described supra in this complaint.

79. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because applicable meal and rest period premiums were not included and thus gross wages earned was not accurately reflected.

80.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because compensation for any off-the-clock work was not included and thus gross wages earned was not accurately reflected.

81. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) hourly and overtime wages for time spent working during unpaid meal periods was not included and thus gross wages earned was not accurately reflected.

82.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because any off-the-clock work was not included and thus total hours worked was not accurately reflected.

83. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because time spent working during unpaid meal periods was not included and thus total hours worked was not accurately reflected.

84. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because applicable meal and rest period premiums were not included and thus net wages earned was not accurately reflected.

85.    Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage

14

statements that comply with Labor Code § 226(a) because compensation for any off-the-clock work was not included and thus net earned was not accurately reflected.

86. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) hourly and overtime wages for time spent working during unpaid meal periods was not included and thus gross wages earned was not accurately reflected.

87.  Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because any off-the-clock work was not included and thus all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee was not accurately reflected.

88. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with accurate written wage statements that comply with Labor Code § 226(a) because time spent working during unpaid meal periods was not included and thus all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee was not accurately reflected.

89. Plaintiff is informed and believes that Defendants' failures to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements have been intentional in that Defendants have the ability to provide them with accurate wage statements but have intentionally provided them with written wage statements that Defendants have known to not comply with Labor Code 226(a).

90. Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries, in that Defendants have violated their legal rights to receive accurate wage statements and have misled them about their actual rates of pay and wages earned. In addition, inaccurate information on their wage statements has prevented immediate challenges to Defendants'

unlawful pay practices, has required discovery and mathematical computations to determine the amount of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records, and/or has led to the submission of inaccurate information about wages and deductions to state and federal government agencies.

91. Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-Class** members, seeks the greater of actual damages or $50.00 for the initial pay period in which a violation of Labor Code § 226(a) occurred, and $100.00 for each subsequent pay period in which a violation of Labor Code § 226(a) occurred, not to exceed an aggregate penalty of $4000.00 per class member, as well as awards of reasonable costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

92. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

93. At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

94. At all relevant times, pursuant to Labor Code § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

95. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving at least seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages at the time of resignation.

96. At all relevant times, pursuant to Labor Code § 202, employees who have resigned after giving less than seventy-two (72) hours-notice of resignation have been entitled to payment of all final wages within seventy-two (72) hours of giving notice of resignation.

97. During the applicable limitations period, Defendants failed to pay

Plaintiff all of his final wages in accordance with Labor Code § 201 by failing to timely pay him all of his final wages.

98. Plaintiff is informed and believes that, at all relevant times, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with Labor Code §§ 201 or 202.

99. Plaintiff is informed and believes that, at all relevant times, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code §§ 201 and 202 by failing to timely pay them all final wages.

100. Plaintiff is informed and believes that Defendants' failures to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and 202 but have intentionally adopted policies or practice that are incompatible with those requirements.

101. Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the dates that their final wages have first become due until paid, up to a maximum of 30 days, and interest thereon.

102. Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks awards of reasonable costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiff and UCL Class)**

103. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

104. Business and Professions Code § 17200 defines "unfair competition" to

17

include any unlawful business practice.

105.    Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

106.    California law requires employers to pay hourly, non-exempt, employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

107.    Plaintiff and the UCL Class realleges and incorporates by reference the FIRST, SECOND and THIRD causes of action herein.

108.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

109.    Defendants have, or may have, acquired money by means of unfair competition.

110.    Plaintiff is informed and believes and theron alleges that, by committing the Labor Code violations described in this complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, and/or 1199, which make it a misdemeanor to commit the Labor Code violations mentioned herein.

111.    Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free, meal periods of at least thirty minutes for each work period of five or more hours and by failing to pay non-exempt employee for all hours worked.

### *Wages and Premium Wages*

112.    At all relevant times, Plaintiff and **UCL Class** members have been non-exempt employees of Defendants and entitled to the full protections of both the Labor Code and the Wage Order.

113.    As stated above, Defendants have violated the Labor Code in multiple

18

respects with regard to Plaintiff and **UCL Class** members, including but not limited to failing to pay them wages, failing to reimburse them for expenses, failing to pay them premium wages, and failing to provide them with accurate wage statements.

114.     Defendants have, or may have, acquired money or property from **UCL Class** members by means of unfair competition in that Plaintiff is informed and believes and thereon alleges that Defendants have failed to pay Plaintiff and **UCL Class** members wages and premium wages in for missed meal and/or rest periods.

### *Relief Sought*

115.     The unlawful conduct of Defendants alleged herein amounts to and constitutes unfair competition within the meaning of Business & Professions Code §§ 17200, *et seq*. Business & Professions Code §§ 17200, *et seq*., protects against unfair competition and allows a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on his own behalf and on behalf of other similarly situated persons in a class action proceeding.

116.     As a result of Defendants' violations of the Labor Code during the applicable limitations period as alleged herein, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of the aforementioned conduct.

117.     Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

118.     Due to its unfair and unlawful business practices in violation of the Labor Code as alleged herein, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their legal obligations under the Labor Code.

119.     Pursuant to Business & Professions Code § 17203, Plaintiff, on behalf of himself and the other members of the **UCL Class**, seeks declaratory relief and restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair business practices.

*Haralson v. U.S. Aviation Services Corp, et al.*                    First Amended Class Action Complaint

120.     Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff and the other members of the **UCL Class** are entitled to recover reasonable attorneys' fees in connection with their unfair competition claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, prays for relief and judgment against Defendants as follows:

        A.   An order that the action be certified as a class action;

        B.   An order that Plaintiff be appointed class representative;

        C.   An order that counsel for Plaintiff be appointed class counsel;

        D.   Unpaid Wages;

        E.   Actual Damages;

        F.   Restitution;

        G.   Declaratory relief;

        H.   Pre-judgment interest;

        I.   Statutory penalties;

        J.   Civil penalties;

        K.   Costs of suit;

        L.   Reasonable attorneys' fees; and

        M.   Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all others similarly situated, hereby demands a jury trial on all issues so triable.

DATED:  September 8, 2016          SETAREH LAW GROUP

BY _____
    SHAUN SETAREH
    Attorneys for Plaintiff,
    JAMES HARALSON

20

*Haralson v. U.S. Aviation Services Corp, et al.*          First Amended Class Action Complaint

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9454 Wilshire Boulevard, Suite 907 Beverly Hills, CA 90212.

On September 8, 2016, I served the foregoing documents described as:

**FIRST AMENDED COMPLAINT**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Brendan G. Dolan (SBN 126732)
VEDDER PRICE
275 Battery Street, Suite 2464
San Francisco, CA 94111
Bdolan@vedderprice.com
Attorneys for Defendant,
U.S. Aviation Services Corp.

Catherine M. Dacre (SBN 141988)
SEYFARTH SHAW
560 Mission Street
Suite 3100
San Francisco, CA 94105-2930
cdacre@seyfarth.com
Attorneys for Defendant,
United Airlines, Inc.

Joseph K. Mulherin
VEDDER PRICE
222 North LaSalle Street
Chicago, IL 60601
jmulherin@vedderprice.com
Attorneys for Defendant,
U.S. Aviation Services Corp.

**[X]   BY MAIL**

I am readily familiar with the practice of Setareh Law Group for the collection and processing of correspondence for mailing with the United States Postal Service. It is the practice that correspondence is deposited with United States Postal Service the same day it is submitted for mailing with postage thereon fully prepaid at Beverly Hills, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]   BY E-MAIL OR ELECTRONIC TRANSMISSION**

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent to the person(s) listed at the address listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

1

**[X]**   **STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**[ ]**   **FEDERAL**  I declare under penalty of perjury under the laws of the United States of America that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 8, 2016, at Beverly Hills, California.

Ivan Gonzalez

2

PROOF OF SERVICE

COPY

ENDORSED
FILED
ALAMEDA COUNTY

SEP 0 9 2016

CLERK OF THE SUPERIOR COURT
By **SUE PESKO**
Deputy

1  Vedder Price (CA), LLP
   Brendan Dolan, Bar No. 126732
2  bdolan@vedderprice.com
   Brittany A. Sachs, Bar No. 287651
3  bsachs@vedderprice.com
   275 Battery Street, Suite 2464
4  San Francisco, California 94111
   T: +1 415 749 9500
5  F: +1 415 749 9502

6  Attorneys for Defendant
   U.S. AVIATION SERVICES CORP.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF ALAMEDA

10

11  JAMES HARALSON, on behalf of himself, all       Case No. RG16826640
    others similarly situated,
12                                                   **DEFENDANT U.S. AVIATION**
                                                     **SERVICES CORP.'S NOTICE OF**
13              Plaintiff,                           **MOTION, MOTION TO TRANSFER**
                                                     **VENUE AND MEMORANDUM OF**
14      v.                                           **POINTS AND AUTHORITIES IN**
                                                     **SUPPORT THEREOF**
15  U.S. AVIATION SERVICES CORP, a Nevada
    corporation; UNITED AIRLINES, INC., a           Date:     October 11, 2016
16  Delaware corporation; and DOES 1-50             Time:     3:00 p.m.
    inclusive,                                       Dept:     30
17                                                   Judge:    Hon. Brad Seligman
                Defendants.                          Reservation No.:  R-1780025
18                                                   Date Action Filed: August 9, 2016

19                                                   [Concurrently filed with the Declarations of
                                                     Steve Novak and David G. Stone in Support
20                                                   Thereof]

21

22      TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

23      PLEASE TAKE NOTICE that on October 11, 2016 at 3:00 p.m., or as soon thereafter as

24  the matter may be heard, in department 30, of the above-named court, located at 1225 Fallon

25  Street, Oakland, CA 94612, Defendant U.S. Aviation Services Corp. ('Defendant") in the above-

26  captioned matter will, and hereby does move to transfer venue to Orange County pursuant to

27  California Code of Civil Procedure sections 395.5 and 396b.

28  //

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF'S NTC OF MOTION, MOTION TO
TRANSFER VENUE AND MPA ISO THEREOF
[CASE NO. RG16826640]

1     Transfer of venue is sought on the grounds that venue is not proper in Alameda County

2 under Section 395.5.  Alameda County lacks any of the required relationships to Plaintiff's action

3 to furnish a basis for venue under section 395.5.

4     Defendant's Motion is based on this Notice; the accompanying Memorandum of Points

5 and Authorities in Support of Defendant's Motion, the Declaration of Steve Novak in Support of

6 Defendant's Motion, the Declaration of David G. Stone in Support of Defendant's Motion, all

7 pleadings and papers filed herein; all matters of which this court must or may take judicial notice;

8 and on such further evidence and oral argument as may be presented at the hearing.

9

10 Dated: September 9, 2016            VEDDER PRICE (CA), LLP

11

12                    By: _____

13                         Brendan Dolan
                           Brittany A. Sachs

14

15                   Attorneys for Defendant
                   U.S. AVIATION SERVICES CORP.

16

17

18

19

20

21

22

23

24

25

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

DEF'S NTC OF MOTION, MOTION TO
TRANSFER VENUE AND MPA ISO THEREOF
[CASE NO. RG16826640]

1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE

2

3

### I.   INTRODUCTION

4

Defendant U.S. Aviation Services Corp.'s ('Defendant" or "U.S. Aviation") motion to

5

transfer venue (hereinafter known as the "Motion") should be granted because Plaintiff James

6

Haralson's ("Plaintiff") Complaint was filed in an improper venue. The case arises entirely out of

7

Plaintiff's employment. Plaintiff was hired and employed by U.S. Aviation exclusively in

8

Orange County, California. Neither U.S. Aviation's nor defendant United Airlines, Inc.'s

9

("United Airlines") principal place of business is located in Alameda County. Moreover, none of

10

the alleged obligations, liabilities or breaches on which this action is based arose or occurred in

11

Alameda County. Thus, Alameda County has none of the connections to Plaintiff's action

12

required under Code of Civil Procedure section 395.5 to establish a basis for venue there.

13

### II.   FACTS

14

The principal place of business of United Airlines is Chicago, Illinois. (*See, e.g., Khouri*

15

*v. United Airlines*, 32 Fed. Appx. 318, 2002 U.S. App. LEXIS 3633 (9th Cir. Cal. 2002)

16

("United's principal place of business is Illinois"); Declaration of David G. Stone in Support of

17

Defendant's Motion to Transfer Venue (hereinafter "Stone Decl.", ¶ 2.) However, Plaintiff was

18

not employed by United Airlines. (Stone Decl. ¶ 3; Declaration of Steve Novak in Support of

19

Defendant's Motion to Transfer Venue  (hereinafter "Novak Decl.', ¶ 2.) Plaintiff's sole

20

employer was U.S. Aviation whose principal place of business is located in Chicago, Illinois.

21

(Declaration of Steve Novak in Support of Defendant's Motion to Transfer Venue. (Novak Decl.

22

¶ 2.) On June 1, 2015, U.S. Aviation hired Plaintiff to work as an Aircraft Cleaner in Orange

23

County, California. (Novak Decl. ¶ 8.) At no time did Plaintiff's work location ever change to

24

Alameda County. (Novak Decl. ¶ 9-11.) All of Plaintiff's wage statements are issued out of U.S.

25

Aviation's office located in Chicago, Illinois. (Novak Decl. ¶ 12.)

26

//

27

//

28

//

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

DEF'S NTC OF MOTION, MOTION TO
TRANSFER VENUE AND MPA ISO THEREOF
[CASE NO. RG16826640]

## III.   ANALYSIS

### A.   <u>Defendant's Motion Should Be Granted Because Venue In Alameda County Is Improper</u>

California Code of Civil Procedure Section 395.5 provides:

> A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases.

Section 396b authorizes a defendant to move to transfer venue to the proper court:

> . . . if an action or proceeding is commenced in a court having jurisdiction of the subject matter thereof, other than the court designated as the proper court for the trial thereof, under this title, the action may, notwithstanding, be tried in the court where commenced, unless the defendant, at the time he or she answers, demurs, or moves to strike, or, at his or her option, without answering, demurring, or moving to strike and within the time otherwise allowed to respond to the complaint, files with the clerk, a notice of motion for an order transferring the action or proceeding to the proper court, together with proof of service, upon the adverse party, of a copy of those papers. Upon the hearing of the motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the action or proceeding transferred to the proper court.

Alameda County Superior Court is not the proper venue under Section 395.5 and an order transferring the case to Orange County under Section 396b should be issued.

Plaintiff's sole basis for venue in Alameda County is apparently because "some of the transactions that are the subject matter of [his] Complaint occurred [in Alameda County] and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein." (Compl. 4; Amended Complaint 4.) The fact that either defendant may maintain an office, transact business or have an agent in Alameda County is a red herring because it does not furnish a basis for venue under Section 395.5. Rather, venue is proper only (1) in the county where the alleged obligations, liabilities or breaches on which this action is based occurred, or (2) in the county where the corporation's principal place of business is located. Neither U.S. Aviation's nor United Airlines' principal place of business is located in Alameda County, and none of the alleged predicates for this action occurred in Alameda County. (Novak Decl. ¶¶ 2, 9-11; Stone Decl. ¶ 2, 4.)

//

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

DEF'S NTC OF MOTION, MOTION TO
TRANSFER VENUE AND MPA ISO THEREOF
[CASE NO. RG16826640]

1        To the contrary, Plaintiff was employed solely in Orange County, California.    (Novak

2    Decl. ¶ 8.)  Thus, the case must be transferred from Alameda County.  *See*, *GM Corp. v. Superior*

3    *Court*, 141 Cal. App. 3d 966 (1983) (granting defendant's motion to transfer venue to its principal

4    place of business).

5    **IV.    CONCLUSION**

6        For the above stated reasons, Defendant respectfully requests that the Court grant its

7    Motion and issue an order transferring the action to Orange County.

8

9    Dated: September 9, 2016            VEDDER PRICE (CA), LLP

10

11   By: _____
              Brendan Dolan

12            Brittany A. Sachs

13            Attorneys for Defendant
              U.S. AVIATION SERVICES CORP.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

DEF'S NTC OF MOTION, MOTION TO
TRANSFER VENUE AND MPA ISO THEREOF
[CASE NO. RG16826640]

ENDORSED
FILED
ALAMEDA COUNTY

SEP 09 2016

CLERK OF THE SUPERIOR COURT
By _____
**SUE PESKO**



1   Vedder Price (CA), LLP
    Brendan Dolan, Bar No. 126732
2   bdolan@vedderprice.com
    Brittany A. Sachs, Bar No. 287651
3   bsachs@vedderprice.com
    275 Battery Street, Suite 2464
4   San Francisco, California 94111
    T:  +1 415 749 9500
5   F:  +1 415 749 9502

6   Attorneys for Defendant
    U.S. AVIATION SERVICES CORP.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  JAMES HARALSON, on behalf of himself, all      Case No. RG16826640
    others similarly situated,
12                                                  **DECLARATION OF STEVE NOVAK
                                                    IN SUPPORT OF DEFENDANT'S**
13               Plaintiff,                         **MOTION TO TRANSFER VENUE**

14        v.                                        Date:      October 11, 2016
                                                    Time:      3:00 PM
15  U.S. AVIATION SERVICES CORP, a Nevada           Dept:      30
    corporation; UNITED AIRLINES, INC., a           Judge:     Hon. Brad Seligman
16  Delaware corporation; and DOES 1-50             Reservation No.:  R-1780025
    inclusive,                                      Date Action Filed: August 9, 2016
17
                 Defendants.                        [Concurrently filed with the Notice of
18                                                  Motion, Motion to Transfer Venue, and
                                                    Memorandum of Points of Authorities in
19                                                  Support Thereof and Declaration of David
                                                    G. Stone in Support Thereof]
20

21

22

23

24

25

26

27

28

Vedder Price (CA), LLP
Attorneys at Law
San Francisco
                                                    DECLARATION OF STEVE NOVAK
                                                    [CASE NO. RG16826640]

I, Steve Novak, declare:

1.     I am employed by U.S. Aviation Services Corp. (hereinafter known as "U.S. Aviation") as President of Operations.    The following facts are within my personal knowledge and if called as a witness, I could and would testify competently with respect thereto.

2.     U.S. Aviation is a Nevada corporation, and its principal place of business and headquarters is in Chicago, Illinois.

3.     U.S. Aviation maintains, in the ordinary course of business, an electronic database of employment records for its workforce.  The data is entered into the database at or near the time it is generated by employees whose regular duties include accurately recording such data.

4.     In my role as President of Operations, among other things, I direct the review, retrieval and analysis of data in the employment records database and am generally familiar with the organization and classifications of those records and how to obtain the data described below. I have directed review of the database to obtain the information described below.

5.     According to U.S. Aviation's records, approximately 561 non-exempt individuals were employed by U.S. Aviation in California between August 9, 2012 and August 9, 2016. Those employees were all typically scheduled to work shifts of six to eight hours or more on five or more days per work week.

6.     The average hourly rate for non-exempt employees in California was approximately $13.69.

7.     Of the 561 employees identified in Paragraph 5, approximately 480 ceased working for U.S. Aviation during the period August 2012 to August 2016.

8.     I also directed review of the database and based thereon determined  that on June 1, 2015, U.S. Aviation hired James Haralson to work as a Aircraft Cleaner.  Mr. Haralson's place of employment was located in Santa Ana, Orange County, California.  His hourly rate of pay is $9.60.

9.     Mr. Haralson has never performed work for U.S. Aviation at any location in Alameda County.

10.     U.S. Aviation has never had any operations in Alameda County.

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF STEVE NOVAK
[CASE NO. RG16826640]

11.     Mr. Haralson has not been employed by United Airlines during the period he has worked for U.S. Aviation and he has never to my knowledge worked for United Airlines in Alameda County.

12.     All of Mr. Haralson's pay and paystubs have been issued out of U.S. Aviation's office located in Chicago, Illinois.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on the 9th day of September, 2016.

_____
Steve Novak

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

LOS_ANGELES/#20409.2

COPY

1  Vedder Price (CA), LLP
   Brendan Dolan, Bar No. 126732
2  bdolan@vedderprice.com
   Brittany A. Sachs, Bar No. 287651
3  bsachs@vedderprice.com
   275 Battery Street, Suite 2464
4  San Francisco, California 94111
   T: +1 415 749 9500
5  F: +1 415 749 9502

6  Attorneys for Defendant
   U.S. AVIATION SERVICES CORP.
7

ENDORSED
FILED
ALAMEDA COUNTY

SEP 09 2016

CLERK OF THE SUPERIOR COURT
By SUE PESKO
                        Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10  JAMES HARALSON, on behalf of himself, all       Case No. RG16826640
    others similarly situated,
11                                                   **DECLARATION OF DAVID G. STONE
                                                     IN SUPPORT OF DEFENDANT'S
12              Plaintiff,                            MOTION TO TRANSFER VENUE**

13       v.                                          Date:        October 11, 2016
                                                     Time:        3:00 PM
14  U.S. AVIATION SERVICES CORP, a Nevada            Dept:        30
    corporation; UNITED AIRLINES, INC., a            Judge:       Hon. Brad Seligman
15  Delaware corporation; and DOES 1-50             Reservation No.:  R-1780025
    inclusive,                                       Date Action Filed: August 9, 2016
16
                Defendants.                          [Concurrently filed with the Notice of
17                                                   Motion, Motion to Transfer Venue, and
                                                     Memorandum of Points of Authorities in
18                                                   Support Thereof and Declaration of Steve
                                                     Novak in Support Thereof]
19

20

21       I, David G. Stone, declare:

22       1.      I am employed by United Airlines, Inc. (hereinafter known as "United Airlines")

23  as a Human Resources Manager – Airport Operations and Cargo.  In that position, my job duties

24  include providing human resources support to Airport Operations and Cargo personnel.  The

25  following facts are within my personal knowledge and if called as a witness, I could and would

26  testify competently with respect thereto.

27       2.      United Airlines is a Delaware corporation, which is registered with the California

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Secretary of State to do business in California.  Its headquarters is in Chicago, Illinois.

2         3.       At no time did United Airlines ever employ Plaintiff James Haralson.

3         4.       United Airlines has not conducted any scheduled commercial flight operations into

4    or out of Alameda County from August 9, 2012 to the present.  During that period, U.S. Aviation

5    Services Corp. has not provided any services for any United flights or aircraft arriving in or

6    departing from Alameda County.

7         I declare under the penalty of perjury under the laws of the State of California that the

8    foregoing is true and correct.

9         Executed on the 9th day of September, 2016, in San Francisco, California.

10

11

12                                                        

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
LOS ANGELES

\\vp.vedderprice.com\dfs\USERS\LA\c_braham\Documents\United Supporting Declaration.doc



1  Vedder Price (CA), LLP
   Brendan Dolan, Bar No. 126732
2  bdolan@vedderprice.com
   Brittany A. Sachs, Bar No. 287651
3  bsachs@vedderprice.com
   275 Battery Street, Suite 2464
4  San Francisco, California 94111
   T: +1 415 749 9500
5  F: +1 415 749 9502

6  Attorneys for Defendant
   U.S. AVIATION SERVICES CORP.
7

8
                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                             COUNTY OF ALAMEDA
10

11 JAMES HARALSON, on behalf of himself, all      Case No. RG16826640
   others similarly situated,
12                                                **PROOF OF SERVICE**
13                  Plaintiff,

14        v.

15 U.S. AVIATION SERVICES CORP, a Nevada
   corporation; UNITED AIRLINES, INC., a
16 Delaware corporation; and DOES 1-50
   inclusive,
17
                    Defendants.
18

19        I, Rebecca Truong, declare:

20        I am a citizen of the United States and employed in San Francisco County, California. I

21 am over the age of eighteen years and not a party to the within-entitled action. My business

22 address is 275 Battery Street, Suite 2464, San Francisco, California 94111. On September 9,

23 2016, I served a copy of the within document(s):

24        **DEFENDANT U.S. AVIATION SERVICES CORP.'S NOTICE
          OF MOTION, MOTION TO TRANSFER VENUE AND**
25        **MEMORANDUM OF POINTS AND AUTHORITIES IN
          SUPPORT THEREOF;**
26
          **DECLARATION OF STEVE NOVAK IN SUPPORT OF**
27        **DEFENDANT'S MOTION TO TRANSFER VENUE;**

28        and

VEDDER PRICE (CA), LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**DECLARATION OF DAVID G. STONE IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE;**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California  addressed as set forth below.

☐   by placing the document(s) listed above in a sealed  envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a  agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Shaun Setareh                              Catherine M. Dacre
Thomas Segal                               Seyfarth Shaw LLP
SETAREH LAW GROUP                          560 Mission Street, 31st Floor
9454 Wilshire Boulevard, Suite 907         San Francisco, CA 94105-2930
Beverly Hills, CA 90212

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 9, 2016, at San Francisco, California.

_____
Rebecca Truong